UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE LUIS IBARRA-VALLE,<br><br>　　　　　　　　Defendant. | Case No. CR20-197 RAJ<br><br>DETENTION ORDER |

<u>Offenses charged</u>:

　　COUNT 1: CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES, 21 Sections 841(a)(1) and 846:
　　COUNT 2: DISTRIBUTION OF METHAMPHETAMINE, 21 Sections 841(a)(1) and 841(b)(1)(A)
　　COUNT 3: POSSESSION OF METHAMPHETAMINE AND HEROIN WITH INTENT TO DISTRIBUTE, 21 Sections 841(a)(1) and 841(b)(1)(A) and (B)
　　COUNT 6: POSSESSION OF METHAMPHETAMINE AND FENTANYL WITH INTENT TO DISTRIBUTE, 21 Sections 841(a)(1) and 841(b)(1)(B)
　　COUNT 7: POSSESSION OF METHAMPHETAMINE, HEROIN, AND FENTANYL WITH INTENT TO DISTRIBUTE, 21 Sections 841(a)(1) and 841 (b)(1)(A)

<u>Date of Detention Hearing</u>: On December 2, 2020, the Court held a hearing via a Zoom videoconference, with the consent of Defendant Ibarra-Valle, due to the exigent circumstances as outlined in General Order 15-20. This detention order is without prejudice to renewing once the

DETENTION ORDER - 1

1   court has reconstituted in-person hearings.

2       The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and
3   based upon the reasons for detention hereafter set forth, finds:

4   <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

5       1.    There is therefore a rebuttable presumption of detention pursuant to 18 U.S.C. §
6           3142(e).

7       2.    Defendant stipulated to detention without prejudice to reopening the detention
8           hearing at a later date.

9       3.    Defendant was not interviewed so the Court does not have information as to his
10          residence, family ties, personal history, or employment.

11      4.    Defendant poses a risk of nonappearance due to an unknown immigration status
12          and no information regarding his ties to the community. Based on these findings,
13          and for the reasons stated on the record, there does not appear to be any condition
14          or combination of conditions that will reasonably assure the Defendant's
15          appearance at future court hearings.

16      5.    Taken as a whole, the record does not effectively rebut the presumption that no
17          condition or combination of conditions will reasonably assure the appearance of the
18          Defendant as required.

19  IT IS THEREFORE ORDERED:

20      (1)    Defendant shall be detained pending trial, and committed to the custody of the
21          Attorney General for confinement in a correction facility separate, to the extent
22          practicable, from persons awaiting or serving sentences or being held in custody
23          pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

Dated this 3rd day of December, 2020.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

DETENTION ORDER - 3